**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
Email: kbc@cjmlv.com
WESLEY J. SMITH, ESQ.
Nevada Bar No. 11871
Email: wes@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 255-1718
Facsimile:  (702) 255-0871
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| ROSEBERRY FAMILY TRUST, | CASE NO.: 2:10-cv-00903-JCM-RJJ |
| Plaintiff, | |
| vs. | **JUDGMENT AND ORDER ENFORCING CONSENT DECREE AND APPOINTING POST-JUDGMENT SPECIAL MASTER** |
| OMNI ADVISOR GROUP, INC., *et al.*, | |
| Defendants. | Date:  February 22, 2011<br>Time:  10:30 am |

Currently before the Court is the Court's Order to Show Cause [Doc. 42] issued on December 23, 2011.  A Show Cause Hearing was held on February 22, 2011.  Having considered the Plaintiff's Motion for Court Order Enforcing Consent Decree [Doc. #34] ("Motion") and Supplement to Motion to Enforce Consent Decree [Doc. #38] ("Supplement"), together with the Points and Authorities, Exhibits and Declarations submitted therewith and the arguments of counsel at the Show Cause Hearing, and Good Cause Appearing therefor, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Defendants Omni Advisor Group, Inc. ("Omni"), SI 100, LLC ("SI 100"), SI 100 Trust ("SI 100 Trust") and Brian Patrick McGuane ("McGuane"), individually and as Trustee of the SI 100 Trust (collectively "Omni Defendants"), shall pay off all outstanding loans, including the loan on Transamerica Life Insurance Company ("Transamerica") Policy No. 60042323

1  ("Transamerica Policy") in the total amount of Seventy-Six Thousand Five Hundred Thirteen and 17/100 Dollars ($76,513.17) (or the current value of the loan), no later than ___May 4___, 2011. The Omni Defendants shall file and serve a record of the Transamerica Policy payment (and any other loan payment) upon the Plaintiff, Court and Special Master (defined below) within ten (10) days of payment.

2.  The Omni Defendants are prohibited from taking any further loans against the Transamerica Policy, West Coast Life Insurance Company ("West Coast") Policy No. ZUA388397 ("West Coast Policy") or Pacific Life Insurance Company ("Pacific") Policy No. VF51420150 ("Pacific Policy") (the Transamerica Policy, West Coast Policy and Pacific Policy referred to collectively as the "Policies").

3.  The Omni Defendants shall promptly pay any premium(s) due on the Policies within ten (10) days of the entry of this Order, thereby bringing each Policy current and paid, keep accurate records of payment of such premiums and file and serve a record of each Policy payment upon the Plaintiff, Court and Special Master within ten (10) days of such payment.

4.  The Omni Defendants shall pay each continuing and recurring Policy premium in full on or before the due date thereof, keep accurate records of payment of such premiums and file and serve a record of each Policy payment upon the Plaintiff, Court and Special Master within ten (10) days of such payment.

5.  Judgment is entered against Defendants Omni, SI 100, SI 100 Trust and McGuane, jointly and severally, in favor of Plaintiff for its attorney's fees and costs incurred in the total sum of Twenty-Eight Thousand Eight Hundred Seventy-Five and 12/100 Dollars ($28,875.12) ("Judgment Amount"). The Judgment Amount shall accrue interest at the rate of three and one-quarter percent (3.25%)[1] per annum until paid in full. The Omni Defendants shall pay the Judgment Amount to the Plaintiff, through the office of Plaintiff's Counsel, Christensen James &

---

[1] Calculated based on N.R.S. 99.040(1): "When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1, or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due, . . ."

Martin, c/o Wesley J. Smith, Esq., 7440 W. Sahara Ave., Las Vegas, Nevada, 89117, no later than ___April 4_____, 2011 ("Judgment Payment Due Date"). If payment is not made by the Judgment Payment Due Date, Plaintiff shall be entitled to obtain a Writ from the Court to execute upon the Judgment Amount.

6. Pursuant to Fed. R. Civ. P. 70(a) and Fed. R. Civ. P. 53, Robert G. Worthen of Stewart, Archibald & Barney, LLP, CPAs & Business Consultants, shall be appointed as Post Judgment Special Master ("Special Master"), to proceed with all reasonable diligence, at the Omni Defendants' expense, as follows:

   a. ENFORCEMENT DUTIES: The Special Master shall enforce the obligations imposed by (i) the Consent Decree [Doc. #27], which is attached hereto as Exhibit "1" and incorporated herein by reference, (ii) this Judgment and Order and (iii) any further Order of this Court direct to the Special Master from time to time ("Court Orders"). The Special Master shall confirm that all obligations under the Court Orders are timely performed by the Omni Defendants, and in the event of non-performance by the Omni Defendants, the Special Master shall have the duty and power to perform the obligation at the Omni Defendants' expense, which, when performed by the Special Master, shall have the same effect as if done by the Omni Defendants.

   b. INVESTIGATION DUTIES: The Special Master shall conduct a thorough review of the books, records and accounts of each of the Omni Defendants ("Investigation"). The Omni Defendants shall cooperate with the Investigation and provide copies of, or allow access to, the following:

      i. All documents, electronic data and information related to the creation and administration of the SI 100 Trust, including but not limited to:

         A. Trust Agreement(s) and/or Declaration(s) of Trust for the SI 100 Trust;

         B. Contact information and dates of service for any and all Trustees of the SI 100 Trust from July 2002 to current;

       C.    Records of beneficiaries, status of each and any right to receive distribution from the SI 100 Trust;

  ii.    All documents, electronic data or information relating to life insurance policies owned by the Omni Defendants, including but not limited to:

       A.    Full Policy and Declarations page;

       B.    Records of premium payments, policy loans and distributions of death benefits, including financial records, bank statements and receipts tracing the funds in and out of the Omni Defendants' accounts;

       C.    Records of death of the insured(s) or other maturity of the policies;

       D.    Records of claims made, if any;

       E.    Notices, including notices of grace or default;

       F.    Records of assignment, investment or other claim, including the number and amount of each;

  iii.    All documents and electronic data relating to the assets, finances, banking and escrow accounts of the Omni Defendants and all related entities, including but not limited to:

       A.    Chart of Accounts;

       B.    Check Registers and Supporting Cash Vouchers;

       C.    Corporate, Trust, Individual or Partnership Tax Returns;

       D.    General Ledgers;

       E.    Records of Receipts and Disbursements;

  iv.    All documents, electronic data or information relating to the Roseberry Family Trust.

The preceding list is intended to be illustrative only and shall not be construed to limit the scope of the Special Master's investigative authority, duty or right to obtain information from any party. The Special Master shall have the authority to request, obtain or otherwise be granted

access to any all documents, electronic data or other information which it deems to be necessary to conduct its investigation, fulfill its duties under this Order, preserve and protect the policies and give a full and fair accounting to the Court.  The Special Master, through its Investigation procedures, shall obtain the current status of all policies administered by the Omni Defendants, current values of each policy, schedules (amount and date of payment) of premiums paid, currently due premiums and due dates of future premium payments, the number, value, and terms of any and all loans against each policy, total investors in each policy, investor amounts, projected distributions at maturity, policy equity and assets available to preserve the policies.

   c. AUTHORITY:  The Special Master shall have the authority to take all appropriate measures to perform the enforcement and investigation duties fairly and efficiently.  The Special Master shall have the authority to seize and maintain control of the Omni Defendants' financial accounts or other liquid assets to perform its enforcement duties, as detailed in Paragraph 6(a) above, including to pay policy premiums, loans, the Judgment Amount and/or such Special Master's fees and costs as may be approved by the Court and to preserve and protect the integrity and viability of the Policies.  The Special Master shall have the authority to compel, take and record evidence.  The Special Master may by order impose on a party any non-contempt sanction provided by Fed. R. Civ. P. 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.  The Special Master shall have the authority to obtain documents or information from third-parties, in the same manner and as if the Plaintiff or Omni Defendants were requesting or accessing the documents or information.  This shall include the right and authority to communicate directly with the Insurer of any policy owned or administered by the Omni Defendants or which the Plaintiff has an interest in and shall also include financial institutions with which the Omni Defendants have a relationship.  The third-parties shall cooperate with the Special Master in its enforcement and investigative activities, including providing access to information and control over financial accounts, consistent with the Court Orders, without further Order from the Court.

      d.    EX PARTE COMMUNICATION: The Special Master shall have the right to directly communicate with the Plaintiff or Omni Defendants for the limited purpose of obtaining documents or information relevant and necessary to the performance of its duties under this Judgment and Order. The parties shall have the right to directly communicate with the Special Master for the limited purpose of providing documents, proof of payments and information relevant and necessary to the Special Master's duties under this Order. Any other ex parte communication between the Special Master and the parties is prohibited and any findings, reports or recommendations shall not be made ex parte, but shall be disclosed to all Parties and the Court. The Special Master may communicate with third-parties within the scope of its authority without prior knowledge or permission from Parties, including communicating directly with Insurers or financial institutions.

      e.    RECORD KEEPING: The Special Master shall keep detailed records of its activities performed, categorized by duty (enforcement or investigation) to the extent the duties may be separately accounted for, including detailed entries of each task performed and the time spent on each task. The Special Master shall maintain copies of all documents used to produce its Investigation findings and reports.

      f.    REPORTING DUTIES: The Special Master shall report to the Court, Plaintiff and Omni Defendants its Investigation findings, as detailed in Paragraph 6(b), and give an accounting of any and all enforcement actions taken, as detailed in Paragraph 6(a), and detail any recommendations to the Court for the administration of the Policies or this Case, within __ninety__ (_90_) days of the entry of this Judgment and Order. The Special Master shall be given additional time to make such report upon making an application to the Court and showing good cause.

      g.    COMPENSATION: The Special Master from time to time may make an Application to the Court for payment of its fees and costs incurred in performance of its duties under this Judgment and Order. Pursuant to Fed. R. Civ. P. 70(a), the Omni Defendants shall be responsible for all fees and costs incurred by the Special Master in performing its duties under

1 this Judgment and Order and shall be liable for payment of the fees and costs upon approval by the Court of an Application for payment made by the Special Master. In order to facilitate payment of fees and costs, the Court may enter an Order directing the Omni Defendants to deposit money, assets or other security with the Court or authorizing the Special Master to debit the amount approved from the account(s) of the Omni Defendants.

7. The Omni Defendants shall fully and faithfully cooperate with the Special Master in the performance of their duties set forth herein. Any failure of the Omni Defendants to perform their obligations under this Judgment and Order may result in contempt, including monetary sanctions and the issuance of a bench warrant for the arrest of McGuane.

DATED and DONE this 3rd day of March, 2011.

_____
U.S. DISTRICT COURT JUDGE JAMES C. MAHAN

Submitted by:
CHRISTENSEN JAMES & MARTIN

By: */s/ Wesley J. Smith*
    Wesley J. Smith, Esq.
    *Attorneys for Plaintiff*